PAUL V. BENNETT, ESQ.
State Bar No. 130225
**BENNETT LEGAL SERVICES, INC.**
P.O. Box 1579
Honokaa, HI 96727
eMail: *pbennett@bennettlaw.net*
Ph: 410-353-4994
Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| Lori Lee Lopes<br><br>Plaintiff,<br><br>v.<br><br>PETE HEGSETH, SECRETARY, UNITED STATES DEPARTMENT OF DEFENSE, a Federal Agency; DEFENSE LOGISTICS AGENCY; and DOES 1 through 10, inclusive.<br><br>Defendant. | * * * * * * * * * * * * * * | CASE NO. __________________<br><br>**PLAINTIFF'S COMPLAINT FOR VIOLATIONS OF:**<br><br>1. Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e,<br><br>2. Age Discrimination in Employment Act of 1967, as amended, 29.S.C. § 621, *et seq.*, Age Discrimination<br><br>3. Title VII of the Civil Rights Act, of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*, Retaliation<br><br>4. Family Medical Leave Act of 1993, 29 U.S.C. §2601 et seq.<br><br>5. Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq., Constructive Discharge<br><br>6. Federal Whistleblower Protection Act, 5 U.S.C. § 2302(b)(8), Whistleblower Retaliation |

* * * * * * * * * * * *

**COMES NOW**, Plaintiff, Lori Lee Lopes, by and through her attorney, Paul V. Bennett, Esq., and Bennett Legal Services, Inc, and hereby sues Defendant Department of Defense, and Defense Logistics Agency (hereinafter collectively "Defendant") and states as follows:

**PARTIES**

1. Plaintiff, Lori Lee Lopes ("Plaintiff"), is a natural person residing in San Joaquin County of the State of California.
2. The United States Defendant Department of Defense ("DoD") is and at all relevant times has been an agency of the United States of America. The Defense Logistics Agency is a combat support agency in the United States Department of Defense.
3. The true name and capacities, whether individual, corporate or otherwise, of DOES 1 through 10 at this time are unknown to Plaintiff, who therefore sues said Defendant by such fictitious names. Plaintiff will ask leave to amend this claim for damages to reflect their true names and capacities when the same have been ascertained. Plaintiff is informed and believes, and thereon alleges, that each of said defendants is responsible jointly and severally, for the events and injuries described herein and caused damages thereby as alleged herein.
4. Plaintiff is informed and believes, and thereon alleges, that at all times mentioned herein each and every co-defendant was and is the predecessor-in-interest, successor-in-interest, agent, counselor, employee, servant, partner, franchisee and/or joint venturer of each of other codefendant, and in doing the actions hereinafter mentioned, was and/or is acting within the scope of its authority within such agency, employment, counseling, service, partnership, franchise and/or joint venture or single enterprise, and with the permission and consent of each co-defendant. Plaintiff alleges that each of said defendants is responsible, jointly and severally, for the events and injuries described herein and caused damages thereby to plaintiff as alleged herein.

**JURISDICTION AND VENUE**

5. This action arises from illegal employment discrimination and retaliation, pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq. (hereinafter referred to as "Title VII"), the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 621, et seq. (hereinafter "ADEA"), the Family Medical Leave Act, 29 U.S.C. §2601 et seq. (hereinafter "FMLA") and the Federal Whistleblower Protection Act, 5 U.S.C. § 2302(b)(8) (hereinafter "WPA").
6. This Court has jurisdiction pursuant to Title VII.
7. This Court has jurisdiction pursuant to ADEA.
8. This Court has jurisdiction pursuant to FMLA.
9. This Court has jurisdiction pursuant to WPA.
10. That at all times relevant hereto, Lori Lee Lopes, Plaintiff, was an employee of the Defendant in the State of California.
11. That all the actions complained of herein took place at the Defense Logistics Agency, at 25600 S Chrisman Road, Tracy, CA 95304 in San Joaquin County of the State of California.
12. That at all times relevant hereto, Defendant has been a federal government agency employing twenty (20) or more persons and is an "employer" within the meaning of Title VII, and ADEA.
13. In accordance with Title VII, Plaintiff properly exhausted her administrative remedies before timely filing suit.

/ / /

/ / /

/ / /

## FACTUAL ALLEGATIONS

14. Plaintiff is a female born in 1960.

15. On or about October 13, 2009, Plaintiff was hired by Defendant for the position of Distribution Process Worker ("DPW"). She performed well earning positive performance evaluations and feedback throughout his employment with Defendant.

16. From August of 2025 through November 28, 2025, Plaintiff was employed at DoD's Defense Logistics Agency ("DLA") Tracy, CA 95304 as a DPW which is a federal warehouse role responsible for receiving, storing, packing, and shipping DoD materials.

17. At all times relevant to the instant complaint, Mr. Mike Zenishek ("Mr. Zenishek"), younger male, served as Plaintiff's immediate supervisor, while Mr. Domingo Reyes ("Mr. Reyes"), another younger male, and Branch Chief served as Plaintiff's second-line supervisor.

18. On August 5, 2025, the Plaintiff's FMLA request was denied.

19. On August 6, 2025, she submitted a request directly to Human Resources for two days off per month for the next six months.

20. On August 8, 2025, Mr. Zenishek issued the Plaintiff a note of concern.

21. On August 11, 2025, after submitting a second FMLA request, the Plaintiff was asked to provide additional information.

22. On August 12, 2025, Mr. Zenishek assigned the Plaintiff "heavy tickets." During this time, the Plaintiff was also acting as a whistleblower after contacting the Office of Inspector General.

23. On August 13, 2025, the Plaintiff raised concerns with David Ramirez from Installation Management regarding the disclosure of her private health information.

24. On or about August 21, 2025, Mr. Zenishek attempted to transfer the Plaintiff to WH-21 and assign her to bin packing. The Plaintiff reported these concerns to Jodie Meek Johnson, the Deputy Commander.

25. In September 2025, the processing of the Plaintiff's leave request was delayed, and Mr. Reynes was spreading false rumors about her.

26. On October 31, 2025, Lead Paul Dieago reprimanded the Plaintiff for recording 1.5 hours of downtime on her production sheet and pressured her to remove it at Mr. Zenishek's direction. The Plaintiff refused to remove the entry. In retaliation, Mr. Zenishek denied her leave request.

27. On November 3, 2025, the Plaintiff reported to Human Resources representative Wendy White that her leave had been denied and that she was being pressured to work off duty.

28. On November 14, 2025, the Plaintiff requested through Human Resources to be excused from mandatory overtime due to her medical conditions. She was also not permitted to leave the warehouse during work hours.

29. On November 17, 2025, Mr. Zenishek denied her request to be removed from mandatory overtime. Mr. Reynes instructed the lead to have the Plaintiff complete her LMS training instead of performing her regular work duties.

30. Due to the persistent severe and pervasive harassment to which she had been subjected, on November 28, 2025, the Plaintiff was forced to retire.

## FIRST CAUSE OF ACTION
## GENDER DISCRIMINATION
## (Disparate Treatment)
**Title VII of the Civil Rights Act of 1964, as amended,**
**42 U.S.C. § 2000e, *et seq.***

31. Plaintiff hereby restates and incorporates paragraphs 1 through 30 of this Complaint as though fully set forth herein.

32. Plaintiff was qualified and satisfactorily performing her duties as a Distribution Process Worker at DoD's Defense Logistic Agency.

33. That Defendant carried out the aforementioned acts of discrimination against Plaintiff on the basis of her sex/gender (female) – a protected class under Title VII.

34. That the aforementioned acts constitute unlawful practices pursuant to Title VII.

35. That similarly situated male employees, including but not limited to, three new male employees, Charlie Struve, Fabian Gutierrez, and Robert Quedens, outside the protected class, were not subjected to the same or similar adverse employment actions that Plaintiff endured, including, but not limited to being forced to work off duty, and to resign, subjected to hostile treatment, including inappropriate comments, criticism and set up the stage for maliciously false adverse actions directed at Plaintiff.

36. That the effect of the practices complained of above was to deprive Plaintiff of equal employment opportunities and otherwise adversely affect her status as an employee because of her sex/gender (female).

37. That the unlawful employment practices complained of above were intentional.

38. That the discriminatory actions, as set forth above, have caused and will continue to cause Plaintiff to suffer lost earnings and earning capacity, severe emotional distress, humiliation, and mental anguish.

39. That the intentional discriminatory actions of Defendant, as alleged above, were done with malice and/or with reckless indifference to Plaintiff's rights.

WHEREFORE, Plaintiff prays for relief as more fully set forth below.

**<u>SECOND CAUSE OF ACTION</u>**
**<u>AGE DISCRIMINATION</u>**
**<u>(Disparate Treatment)</u>**
**Age Discrimination in Employment Act of 1967, as amended,**
**29 .S.C. § 621, *et seq.***

40. Plaintiff hereby restates and incorporates paragraphs 1 through 30 of this Complaint as though fully set forth herein.

41. Plaintiff was qualified and satisfactorily performing her duties as a Distribution Process Worker at DoD's Defense Logistic Agency.

42. That Defendant carried out the aforementioned acts of discrimination against Plaintiff on the basis of her age (born in 1960) – a protected class under the ADEA.

43. That the aforementioned acts constitute unlawful practices pursuant to the ADEA.

44. That the effect of the practices complained of above was to deprive Plaintiff of equal employment opportunities and otherwise adversely affect her status as an employee because of her age (born in 1960).

45. That the unlawful employment practices complained of above were intentional.

46. That similarly situated younger employees, including but not limited to, three new younger employees, Charlie Struve (in his twenties), Fabian Gutierrez (in his thirties), and Robert Quedens (in his early fifties) outside the protected class, were not subjected to the same or similar adverse employment actions that Plaintiff endured, including, but not limited to being forced to work off duty, and to resign, subjected to hostile treatment, including inappropriate comments, criticism and set up the stage for maliciously false adverse actions directed at Plaintiff.

47. That Plaintiff's age was the "but-for factor" behind the described adverse treatment.

48. That the discriminatory actions, as set forth above, have caused and will continue to cause Plaintiff to suffer lost earnings and earning capacity, severe emotional distress, humiliation, and mental anguish.

49. That the intentional discriminatory actions of Defendant, as alleged above, were done with malice and/or with reckless indifference to Plaintiff's rights.

WHEREFORE, Plaintiff prays for relief as more fully set forth below.

**THIRD CAUSE OF ACTION**
**RETALIATION**
**(Adverse Actions and Protected Activity Deterrents)**
**Title VII of the Civil Rights Act of 1964, as amended,**
**42 U.S.C. § 2000e, *et seq.***

50. Plaintiff hereby restates and incorporates paragraphs 1 through 30 of this Complaint as though fully set forth herein.

51. On May 27, 2025, Plaintiff filed an Equal Employment Opportunity (EEO) complaint, Case No. DLAN-25-00181.

52. On August 13, 2025, Plaintiff raised concerns with David Ramirez from Installation Management regarding the disclosure of her private health information.

53. On November 3, 2025, Plaintiff reported to Human Resources representative Ms. Wendy White that her leave had been denied and that she was being pressured to work off duty. Ms. White suggested reasonable accommodation. Prior to that when Plaintiff asked her branch Chief and Group Chief to be transferred out, she was denied the reassignment.

54. On November 14, 2025, Plaintiff requested through Human Resources to be excused from mandatory overtime due to her medical conditions. She was also not permitted to leave the warehouse during work hours.

55. On November 17, 2025, Mr. Zenishek denied her request to be removed from mandatory overtime. Mr. Reynes instructed the lead to have Plaintiff complete her LMS training instead of performing her regular work duties.

56. On November 28, 2025, as a result of the persistent severe and pervasive harassment to which she had been subjected, Plaintiff was forced to retire.

57. That the aforementioned acts of retaliation for complaining about illegal employment practices constituted unlawful employment practices pursuant to Title VII.

58. That the effect of the practices complained of above was to deprive Plaintiff of equal employment opportunities and otherwise adversely affect her status as an employee based upon her legally protected activities.

59. That the intentional retaliatory actions complained of above were done with malice and/or with reckless indifference to Plaintiff's rights.

60. As a direct and proximate result of the Defendant's retaliatory actions, Plaintiff has suffered lost wages and benefits, emotional distress, attorney's fees, and litigation costs.

WHEREFORE, Plaintiff prays for relief as more fully set forth below.

**FOURTH CAUSE OF ACTION**
**INTERFERENCE WITH FAMILY MEDICAL LEAVE**
**29 U.S.C. §2601 et seq.**

61. Plaintiff hereby restates and incorporates paragraphs 1 through 30 of this Complaint as though fully set forth herein.

62. Plaintiff engaged in protected activity when she sought and was granted family medical leave.

63. In forcing Plaintiff, while she was on approved medical leave, to return the forms and then firing Plaintiff, Defendant violated Plaintiff's rights to take family medical leave in violation of the Family Medical Leave Act, 29 U.S.C. §2601 et seq.

64. As a direct and proximate result of the Defendant's wrongful actions, Plaintiff has suffered lost wages and emotional distress, and incurred attorneys' fees and litigation costs.

65. WHEREFORE, Plaintiff prays for relief as more fully set forth below.

**FIFTH CAUSE OF ACTION**
**CONSTRUCTIVE DISCHARGE**
**Title VII of the Civil Rights Act of 1964, as amended,**
**42 U.S.C. § 2000e, *et seq.***

66. Plaintiff hereby restates and incorporates paragraphs 1 through 30 of this Complaint as though fully set forth herein.

67. As a consequence of Defendant's conduct, Plaintiff was subjected to discriminatory working conditions that were so intolerable that any reasonable person would resign. Specifically, Defendant continuously denied her leave, and forced her to work off duty despite her medical conditions. Simultaneously, Plaintiff's medical information was disclosed, false rumors were spread, and she was pressured to remove time entry.

68. As a consequence of Defendant's conduct, Plaintiff suffered severe emotional distress. In fact, Plaintiff was forced to resign, otherwise she would soon get terminated.

69. Defendant's actions proximately caused the Plaintiff's injuries.

WHEREFORE, Plaintiff prays for relief as more fully set forth below.

/ / /

/ / /

**<u>SIXTH CAUSE OF ACTION</u>**
**<u>WHISTLEBLOWER RETALIATION</u>**
**Federal Whistleblower Protection Act**
**5 U.S.C. § 2302(b)(8)**

70. Plaintiff hereby restates and incorporates paragraphs 1 through 30 of this Complaint as though fully set forth herein.

71. In or around July/August of 2025, Plaintiff acted as a whistleblower when contacting the Office of Inspector General ("OIG").

72. Plaintiff alleges that both Mr. Reynes and Mr. Zenishek became aware of her interactions with the OIG when Plaintiff notified them of OIG complaints in the summer of 2025, concerning Defendants' violations of the law. On information and belief, Plaintiff alleges that both Mr. Reynes and Mr. Zenishek retaliated against Plaintiff after they learned of Plaintiff's interactions with OIG. This retaliation was undertaken through the actions such as: Plaintiff received note of concern; Mr. Zenishek assigned Plaintiff "heavy tickets;" and Plaintiff was often only provided with jobs that the younger, newer male employees did not want to do.

73. Defendant's retaliation constituted a violation of the Federal Whistleblower Protection Act, 5 U.S.C. § 2302(b)(8).

74. As a direct and proximate result of Defendant's violation of the Federal Whistleblower Protection Act, 5 U.S.C. § 2302(b)(8). Plaintiff has suffered emotional distress, incurred attorney's fees and litigation costs.

/ / /

/ / /

**PRAYER FOR RELIEF**

WHEREFORE, for the foregoing reasons, Lori Lee Lopes, Plaintiff, demands judgment against Defendant, as follows:

a. Compensatory damages according to proof;

b. Front pay and back pay;

c. Declaratory relief;

d. Prejudgment and post judgment interest;

e. Award attorney's fees and costs, including expert witness fees, as allowed by law;

And for such other and further relief as this Honorable Court deems just and equitable.

Dated: March 26, 2026

**BENNETT LEGAL SERVICES, INC.**

____/s/ Paul V. Bennett, Esq.________________
Paul V. Bennett, Esq.
Attorney for Plaintiff
Lori Lopes

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

**DEMAND FOR JURY TRIAL**

Plaintiff, Lori Lopes, hereby demands that this matter be tried by jury.

Dated: March 26, 2026

**BENNETT LEGAL SERVICES, INC.**

By: _____/s/ Paul V. Bennett, Esq.__________
Paul V. Bennett, Esq.
Attorney for Plaintiff

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /